681 So.2d 560 (1995)
STATE DEPARTMENT OF HUMAN RESOURCES
v.
Chester F. GIBERT, Sr.
STATE DEPARTMENT OF HUMAN RESOURCES,
v.
Betty GIBERT.
2940490, 2940628.
Court of Civil Appeals of Alabama.
December 15, 1995.
Rehearing Denied January 26, 1996.
*561 William Prendergast and Lynn Sensabaugh Merrill, Asst. Attys. Gen., Department of Human Resources, Montgomery, for Appellant.
Donald M. Briskman and Christ N. Coumanis of Briskman & Binion, P.C., Mobile, for Appellee.
MONROE, Judge.
These appeals are from two judgments of the circuit court, one setting aside the decision of an administrative hearing officer that placed an alleged child molester on the statewide central registry for reports of child abuse and neglect, and another setting aside the decision of an administrative hearing officer that revoked the child care facility license of the alleged molester's wife.
In June 1991, the Mobile County Department of Human Resources initiated an investigation of a complaint of child sexual molestation against Chester F. Gibert. Chester's wife, Betty, owns and operates a licensed home child care facility. A five-year-old girl, who was under Betty's care, made the allegations against Chester, claiming that the acts of molestation took place while she was at the child care facility. As a result of the department's investigation, an administrative hearing officer conducted two hearings. See generally § 26-14-7.1 and § 38-7-9, Ala. Code 1975; Department of Human Resources Administrative Code Rules, Chapters 660-5-34-.05 and 660-5-38-.13. The department conducted a due process hearing regarding the allegations against Chester and a prerevocation hearing regarding Betty's license. The administrative hearing officer found adversely to the Giberts and revoked Betty's license and ordered that Chester's name be placed on the statewide registry for reports of child abuse and neglect. The Giberts appealed to the circuit court in two separate actions. In each action, the circuit court set aside the decision of the administrative hearing officer on the ground that inadmissible hearsay testimony had been used in the administrative hearing and that, without that testimony, there was no credible evidence to support the findings of the administrative hearing officer. The department has *562 appealed from the judgment of the trial court in both cases.
We review the trial court's judgment with no presumption of correctness, because the trial court was in no better position to review the agency decision than we are. Alabama Renal Stone Institute, Inc. v. Alabama Statewide Health Coordinating Council, 628 So.2d 821, 823 (Ala.Civ.App.1993). "The special competence of the agency lends great weight to its decision, and that decision must be affirmed, unless it is arbitrary and capricious or not made in compliance with applicable law." Id. at 823. We do not substitute our judgment for that of the administrative agency. Id. Therefore, our standard of review of the agency decision is the same as that applied by the circuit court: whether the administrative factfinder's decision "was illegal, capricious, or unsupported by the evidence." § 38-7-9, Ala.Code 1975. See also Delavan v. Board of Dental Examiners of Alabama, 620 So.2d 13, 18 (Ala.Civ.App. 1992).
On appeal the department contends that the circuit court, in both cases, erred in setting aside the decision of the administrative hearing officer. The department contends that the trial court erred in finding that the administrative hearing officer's decisions were based solely on inadmissible hearsay evidence and that, without that evidence, there was no credible evidence to support the findings against the Giberts.
The child did not testify at the hearings, and there is no physical evidence to support the child's allegations. However, the child's therapist testified that she thought the child's allegations were truthful, and the child's mother testified that the child had suffered much emotional trauma over the incident.
Hearsay evidence is admissible in administrative hearings regarding the allegation of child abuse. See Department of Human Resources Administrative Code, Chapter 660-5-34-.05(4)(4)(viii). The evidence is received at the discretion of the hearing officer if it "is a type commonly relied upon by reasonable prudent persons in the conduct of their affairs." Id., Chapter 660-5-34-.04(4)(4)(vii). The Administrative Code also provides that the hearing officer will not strictly follow the rules of evidence utilized by the circuit courts of the state. Id.
The administrative hearing officer observed the demeanor and evaluated the credibility of the witnesses, and he relied upon the testimony of the mother, the therapist, and the case worker in making his determination. Although a substantial part of the mother's testimony was hearsay, the court found the child "unavailable" on the basis of the grounds set out in § 15-25-32(2)(a)(6), Ala.Code 1975, based on the testimony of the mother and the therapist. The Code also requires that the child's out-of-court statements possess particularized guarantees of trustworthiness. See § 15-25-32(2)(b), Ala. Code 1975. The administrative hearing officer found the child's statements trustworthy.
Our standard of review requires that we review an agency's decisions with a presumption of correctness, especially where the subject matter is peculiar to the field of competence that has been entrusted to the agency by the Alabama Legislature. Alabama Department of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985). We find that knowledge of the behavioral aspects of child sexual abuse, including knowledge to evaluate the trustworthiness of the child's statements, as well as knowledge about the effect testifying in an adversarial proceeding would have on a child who was allegedly abused, are matters within the area of specialized knowledge of the department's administrative hearing officer. Accordingly, we must give deference to the administrative hearing officer's findings regarding the allegations of child abuse against Chester, which were the basis for its actions against both Chester and Betty, and its determination that the child's statements were trustworthy and that the child was unavailable. The question whether there was sufficient proof offered to establish the unavailability of the witness was committed to the sound discretion of the administrative hearing officer, as factfinder, and his decision will not be disturbed absent a showing of abuse of discretion. See Ex parte Wright, 625 So.2d 1135 (Ala.1993). We may not substitute our judgment for that of the agency.
*563 The Giberts argue that they were not informed that the child would be "unavailable" to testify until after the hearing had started and, therefore, that they were denied the opportunity to respond. Thus, they argue that the child's hearsay testimony was improperly admitted in the administrative hearing. Such protection, requiring notice to the accused of the intent to use the hearsay testimony, is provided in § 15-25-35, Ala. Code 1975, which was adopted by the department as part of its procedure for conducting administrative hearings on child abuse allegations. Section 15-25-35 provides:
"The proponent of the statement must inform the adverse party of the opponent's intention to offer the statement and the content of the statement sufficiently in advance of the proceeding to provide the defendant with a fair opportunity to prepare a response to the statement before the proceeding at which it is offered."
See also Dilbeck v. State, 594 So.2d 168 (Ala. Cr.App.1991). The purpose of this statute is to ensure that the defendant is given a fair opportunity to respond to the proposed hearsay testimony. Id. Although the Giberts were not informed of the child's "unavailability" until the hearing had begun (partly because the administrative hearing officer did not make that decision until the hearing had begun), the Giberts were informed well before the hearing that the department intended to use the child's hearsay testimony and of the contents of that testimony. We find that the Giberts were provided the notice they were entitled to under § 15-25-35.
We hold that the circuit court erred in determining that the administrative hearing officer relied upon inadmissible hearsay in ruling against the Giberts and in reversing the decisions of the administrative hearing officer. The hearsay testimony of the child was properly admitted at the administrative hearing.
The judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
CRAWLEY, J., concurred in part and dissented in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
Our standard of review requires that we affirm the decision of an administrative agency unless its decision is "arbitrary and capricious" and "not made in compliance with applicable law." The department's decision to revoke Betty's child care facility license was "arbitrary and capricious" and "not made in compliance with applicable law," and therefore, I respectfully dissent. I would affirm the circuit court's judgment which ordered the department to reinstate the child care facility license to Betty because the department's decision to revoke Betty's child care facility license was not supported by any statute or regulation.
Ala.Code 1975, § 38-7-8 sets forth numerous grounds by which the department may revoke a license to operate or conduct a child care facility. None of these grounds were cited in support of the department's decision to revoke Betty's child care facility license. The department's sole ground for revoking Betty's child care facility license is the allegation against her husband, Chester. I believe this is an insufficient reason.
Neither the department's regulations nor the statute provides that a home child care facility license may be revoked if a family member of the owner/operator of the child care facility is accused or charged with any crime against a child. The department's regulations address the character and suitability of an owner/operator of a child care facility and the personnel of the child care facility; no mention is made of family members of a licensee of a home child care facility. Accordingly, the department's decision was not made in compliance with applicable law. See Alabama Renal Stone Institute, Inc. v. Alabama Statewide Health Coordinating Council, 628 So.2d 821, 823 (Ala.Civ.App.1993).