HOOPER, Chief Justice
(dissenting):
I must respectfully dissent from the denial of the writ of certiorari in this case. The trial judge held that the DHR hearing officer erred. However, without the record, this Court cannot determine whether the error the trial court found was limited to just the hearsay testimony or whether there were other flaws in the DHR hearing. I dissent, because I think this Court should resolve the issues the Giberts raise.

I. Facts and Procedural History

Mr. Gibert was accused of child abuse and neglect for allegedly sexually abusing a girl at his wife’s child care facility. At the DHR hearing, the victim was held to be “unavailable” because the hearing officer found that it might cause the girl emotional trauma to testify at the hearing. Nevertheless, the girl’s hearsay allegations were admitted by the DHR, pursuant to Department of Human Resources Administrative Code, Chapter 660-5-34-.05(4) (4)(viii); the DHR placed Mr. Gibert on a registry for reports of child abuse and revoked Mrs. Gibert’s child care license.
The Giberts appealed to the circuit court, which reversed the ruling of the DHR, holding that the DHR findings were based upon inadmissible hearsay testimony. It is possible that the trial court found other errors with the DHR proceeding. I discuss some of these other potential errors below. The Court of Civil Appeals reversed the judgment of the circuit court, holding that the statements were not inadmissible hearsay, but were admissible as an exception under DHR regulations. State Department of Human Resources v. Gibert, 681 So.2d 560 (Ala.Civ.App.1995). The Giberts petitioned this Court for certiorari review; they raise several important issues I think this Court should resolve, but which it cannot resolve without granting certiorari review and examining the record of the DHR hearing and the record of the trial court.

II. Discussion

I would grant certiorari review in order to look at the findings of the trial judge and determine the extent of the error at the DHR hearing.
DHR Administrative Code, Chapter 660-5-34-05(4)(4)(vii and viii) allows admission of a hearsay statement if it “is a type commonly relied upon by reasonably prudent persons in the conduct of their affairs.” I think this Court should determine whether that hearsay exception is too vague. Usually hearsay *565 statements allowed into evidence by exceptions to the hearsay rule are allowed because they contain inherent guarantees of trustworthiness; for example, an “excited utterance,” although hearsay, is allowed into evidence on the belief that one making such a statement does not have time to fabricate. I do not see the inherent guarantees of trustworthiness contained in a hearsay statement “relied upon by reasonably prudent persons in the conduct of their affairs.”
I have other concerns with the exact wording of the hearsay exception. What is a reasonably prudent person? Is it anyone who does not meet the legal tests for mental incompetence? Is the exception so broad as to include all legally competent persons who make hearsay statements during any activity in which they are engaged? I fail to see the guarantees of trustworthiness in such an exception; such an exception would swallow the rule.
In addition, the Legislature has already stated that a child need not face the accused and testify in court if the child’s testimony is given by videotape and is subject to cross-examination. The obvious purpose of this rule is to protect children from emotional trauma while also providing the accused with sufficient due process rights. The Legislature has provided that if a child is available and competent, then that child’s hearsay statements cannot be admitted unless there is a “[s]ubstantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of closed circuit television; and [the statement possesses] particularized guarantees of trustworthiness.” Ala. Code 1975, § 15-25-32(2)(a)6. Did the trial judge find that DHR did not satisfy this statutory test?
Furthermore, the DHR Administrative Code states that the hearing officer need not strictly follow the rules of evidence utilized by the circuit courts of the state. Nevertheless, it appears that the determinations of the DHR hearings are given substantial deference on appeal. I would grant certiorari review in order to determine whether it is consistent with due process for this Court to give substantial deference to the findings of an administrative hearing officer when the hearing has not provided the legal protection given by courtroom evidence rules.
And finally, Dilbeck v. State, 594 So.2d 168 (Ala.Crim.App.1991), requires that notice be given to the accused that the child will be unavailable to testify and will not be subject to cross-examination. The Giberts contend that no such notice was given. I would grant certiorari review in order to determine whether such notice was given, and, if not, what effect that fact would have on the hearing procedure.
In the absence of the record, it is impossible for this Court to determine whether the these questions should be resolved in favor of the Giberts or in favor of the DHR. Upon reviewing the record, we might determine that the hearing officer was correct. However, we might also find that the trial court properly reversed the findings of the DHR hearing officer.
To deny certiorari review is to weigh the rights of the Giberts too lightly against the benefits of a swift administrative hearing procedure. The effect of this administrative hearing on the Giberts is not inconsequential. Mr. Gibert’s name now appears on a list of those reported to certain agencies and others listed in Ala. Code 1975, § 26-14-8, for child abuse. Mrs. Gibert has lost her business. These consequences for the Giberts are almost as harsh as the consequences of a criminal conviction. In the case of a criminal conviction, Mrs. Gibert might keep her business. I believe such threats to the lives of Alabama citizens require more procedural protection than is apparent in this case. Accordingly, I would grant certiorari review; therefore, I must respectfully dissent.