PITTMAN, Judge.
 

 The Alabama Board of Examiners in Psychology (“the Board”) appeals from a judgment of the Montgomery Circuit Court reversing an order of the Board that had suspended a license issued to Leroy Richardson to practice as a psychologist and that had imposed other sanctions against Richardson. We reverse the circuit court’s judgment.
 

 The record reveals that Richardson was first licensed by the Board in 1997. From about that time until early 2003, Richardson was employed by the Alabama Department of Youth Services (“DYS”) as the campus psychologist at DYS’s Yacca Campus in the Birmingham area. During the
 
 *328
 
 time that Richardson worked at the Vacca Campus, he frequently arranged for “tours” of the campus for local youth whose behavior suggested they might later turn to crime. During those “tours,” visiting young people 10 to 15 years old were often fitted with metal leg shackles; they were also intermingled with the resident population and required to perform the same chores and to undergo many of the same experiences, including punishments, as the resident population. The record also reflects that the ostensible purpose of those tours was to convince the young visitors that changing their behavior for the better would be preferable to becoming a resident of the campus.
 

 During Richardson’s tenure at the campus, visitors were brought in individually by parents, school administrators, and others, and the visitors would typically spend anywhere from two to eight hours inside the secure facility.
 
 [1]
 
 With specific reference to those campus visits, the Board charged Richardson with failing to conduct initial assessments of the “tour” visitors, failing to obtain the informed consent of their parents or legal guardians, and failing to produce and maintain documentation of his work, practices identified by the Board as being in violation of Alabama statutes governing the practice of psychology. The Board’s administrative law judge (“ALJ”) reviewed testimonial evidence from an earlier Alabama Personnel Board hearing related to the “tour” program. The ALJ submitted proposed findings of fact and conclusions of law to the Board, and the Board adopted the ALJ’s recommendations and imposed sanctions on Richardson.
 

 Pursuant to Ala.Code 1975, § 41-22-20, Richardson sought judicial review of the Board’s order in the Montgomery Circuit Court. After the parties had filed written submissions in support of their respective positions, the circuit court held a hearing, at which that court heard oral argument from the parties’ attorneys. The circuit court then entered a judgment reversing the Board’s order on the authority of Ala. Code 1975, § 41-22-20(k)(6) and (7); the court opined that the Board’s order was “clearly erroneous” in view of the evidence in the record and was “unreasonable, arbitrary, or capricious or characterized by an abuse of discretion or [was] a clearly unwarranted exercise of discretion.” The basis for the circuit court’s judgment was its view that the Board had failed to prove that a “professional relationship” had existed between Richardson and any of the children brought to the campus for the “tour” or their parents; in other words, in the view of the circuit court, the Board had failed to prove that Richardson actually had been providing “psychological services.” The circuit court then deduced, from its conclusion that Richardson had not been providing psychological services, that Richardson could not possibly have violated the ethical principles the Board charged him with violating.
 
 [2]
 

 Under Ala.Code 1975, § 34-26-46(a)(17), the Board is empowered to suspend or otherwise discipline, at its discretion, a psychologist who violates the code of ethics adopted by the rules and regulations of the Board. The code of ethics in force during the relevant period, 1997-2003, was the American Psychological Association’s Ethical Principles of Psychologists and Code of
 
 *329
 
 Conduct 1992, adopted by the Board pursuant to Ala. Admin. Code, Rule 750-X-6-.02. Ethical Principle 2.01, titled “Evaluation, Diagnosis, and Interventions in Professional Context,” provides as follows:
 

 “(a) Psychologists perform evaluations, diagnostic services, or interventions only within the context of a defined professional relationship....
 

 “(b) Psychologists’ assessments, recommendations, reports, and psychological diagnostic or evaluative statements are based on information and techniques (including personal interviews of the individual when appropriate) sufficient to provide appropriate substantiation for their findings.... ”
 

 It was under that principle that the Board charged Richardson with having failed to conduct initial assessments of the “tour” visitors.
 

 The Board further charged Richardson with failing to acquire informed consent from the children or their parents or legal guardians under Ethical Principle 4.02, entitled “Informed Consent to Therapy,” which states:
 

 “(a) Psychologists obtain appropriate informed consent to therapy or related procedures, using language that is reasonably understandable to participants ....
 

 “(b) When persons are legally incapable of giving informed consent, psychologists obtain informed permission from a legally authorized person, if such substitute consent is permitted by law.
 

 “(c) In addition, psychologists (1) inform those persons who are legally incapable of giving informed consent about the proposed interventions in a manner commensurate with the persons’ psychological capacities, (2) seek their assent to those interventions, and (3) consider such persons’ preferences and best interests.”
 

 Finally, with respect to Richardson’s failure to produce and maintain documentation of his consultations with the “tour” visitors, the Board cited two provisions of the Ethical Principles and Code of Conduct. Provision 1.23, entitled “Documentation of Professional and Scientific Work,” provides:
 

 “(a) Psychologists appropriately document their professional and scientific work in order to facilitate provision of services later by them or by other professionals, to ensure accountability, and to meet other requirements of institutions or the law.
 

 “(b) When psychologists have reason to believe that records of their professional services will be used in legal proceedings involving recipients of or participants in their work, they have a responsibility to create and maintain documentation in the kind of detail and quality that would be consistent with reasonable scrutiny in an adjudicative forum....”
 

 Also, provision 1.24, entitled “Records and Data,” provides that psychologists are to “create, maintain, disseminate, store, retain, and dispose of records and data relating to their research, practice, and other work in accordance with law and in a manner that permits compliance with the requirements of this Ethics Code.... ”
 

 At the hearing in the circuit court, Richardson maintained, and the court agreed, that the Board had failed to prove a necessary predicate for the applicability of each of those ethical principles or provisions — in short, that the Board had failed to prove that Richardson had developed a “defined professional relationship” with the children, that he had conducted “therapy,” or that he had done any “professional” or “scientific work” or “practice” with the “tour” visitors. The circuit court noted
 
 *330
 
 the following facts, established in the record and not controverted on appeal, in support of its judgment: Richardson was required to meet with the “tour” visitors, their parents, or both upon their arrival at the campus; he spoke with them for only a few minutes; and he thereafter turned the “tour” visitors over to others at the facility and never spoke with them again.
 

 The standard of appellate review to be applied by the circuit courts and by this court in administrative-law cases is the same.
 
 Alabama Dep’t of Youth Servs, v. State Pers. Bd.,
 
 7 So.3d 380, 384 (Ala. Civ.App.2008). The appropriate review standard is deferential toward the decision of the administrative agency:
 

 “Judicial review of an agency’s administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency’s actions were reasonable, and whether its actions were within its statutory and constitutional powers.... Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.”
 

 Alabama Medicaid Agency v. Peoples,
 
 549 So.2d 504, 506 (Ala.Civ.App.1989) (citing cases). Also,
 

 “[ejxcept where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.”
 

 Ala.Code 1975, § 41-22-20(k). “In reviewing the decision of a state administrative agency, ‘[tjhe special competence of the agency lends great weight to its decision, and that decision must be affirmed, unless it is arbitrary and capricious or not made in compliance with applicable law.’ ”
 
 Colonial Mgmt. Group, L.P. v. State Health Planning and Dev. Agency,
 
 853 So.2d 972, 975 (Ala.Civ.App.2002) (quoting
 
 Alabama Renal Stone Inst., Inc. v. Alabama Statewide Health Coordinating Council,
 
 628 So.2d 821, 823 (Ala.Civ.App.1993)). “Neither this court nor the trial court may substitute its judgment for that of the administrative agency.”
 
 Renal Stone,
 
 628 So.2d at 823 (citing
 
 Alabama Medicaid Agency v. Norred,
 
 497 So.2d 176, 177 (Ala.Civ.App.1986)). “This holds true even in cases where the testimony is generalized, the evidence is meager, and reasonable minds might differ as to the correct result.”
 
 Health Care Auth. of Huntsville v. State Health Planning Agency,
 
 549 So.2d 973, 975 (Ala.Civ.App.1989) (citing
 
 State Health Planning & Res. Dev. Admin, v. Rivendell of Alabama,
 
 469 So.2d 613, 615 (Ala.Civ.App.1985)). Further, “an agency’s interpretation of its own rule or regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation.”
 
 Sylacauga Health Care Ctr., Inc. v. Alabama State Health Planning Agency,
 
 662 So.2d 265, 268 (Ala.Civ.App.1994). Finally, this court does not apply a presumption of correctness to a circuit court’s judgment entered on review of an administrative agency’s decision “because the circuit court is in no better position to review an agency’s decision than this court.”
 
 Alabama Bd. of Nursing v. Peterson,
 
 976 So.2d 1028, 1033 (Ala.Civ.App.2007) (citing
 
 Clark v. Fancher,
 
 662 So.2d 258, 261 (Ala.Civ.App.1994)).
 

 In this case, in addition to the evidence noted by the circuit court in its order and set out above, the record reflects that the ALJ and the Board reviewed testimony from Richardson indicating that he had instructed Vacca security personnel whether to put particular “tour” visitors in shackles and that he had told the security personnel where on the campus to take the visitors. The ALJ asked Richardson: “So
 
 *331
 
 you made all decisions relevant to the child being here and what they would participate in or do while they were here; is that correct?”; Richardson then replied, “Right, sir.” Hence, although Richardson personally spent only a few minutes with each “tour” visitor, he admitted responsibility for the complete two- to eight-hour aversive experience that each visitor would have, which included Richardson’s making individualized decisions as to each visitor, such as whether leg shackles were appropriate. The record reviewed by the Board also contained conflicting evidence as to whether the hours-long experiences in question constituted “therapy” or “treatment,” an affirmative answer to which would then bring Richardson, having responsibility for “all decisions” regarding the visitors, within the practice of psychology and subject to the above-mentioned regulations and ethical principles and provisions.
 

 It thus appears plain that the record contains substantial evidence, defined as “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved,’ ”
 
 Ex parte Trinity Indus., Inc.,
 
 680 So.2d 262, 268 (Ala.1996) (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)), to support the Board’s determination that Richardson had indeed established a professional relationship with the “tour” visitors — in other words, that he was providing therapy or psychological services and hence was subject to the rules and regulations governing the practice of psychology and the licensing of psychologists in Alabama — by receiving such visitors, making decisions regarding their hours-long experience at the campus, and sending them along to other campus workers so that the visitors might have the experiences Richardson had chosen for them. The Board’s determination is thus due to be upheld under the standard of review governing this case.
 

 Richardson also contends that the circuit court’s judgment of reversal is proper on other grounds. The circuit court’s judgment reversing the Board’s order is premised, however, solely upon the proposition, which we have rejected, that the Board lacked authority to discipline Richardson because his activities did not constitute the practice of psychology and therefore were not within the Board’s regulatory jurisdiction. We thus do not reach the other grounds cited by Richardson as warranting reversal of the Board’s disciplinary order; rather, the propriety of those grounds should be decided by the circuit court on remand.
 
 See Covin v. Alabama Bd. of Exam’rs in Counseling,
 
 712 So.2d 1103, 1107 & n. 1 (Ala.Civ.App.1998) (declining to address substantive defense raised by agency and agency members in administrative-review proceedings when circuit court’s judgment of dismissal had been based solely upon erroneous ground of lack of jurisdiction).
 

 The circuit court’s judgment reversing the Board’s disciplinary order, in which the Board had concluded that Richardson was subject to the regulations and ethical principles and provisions governing the practice of psychology in Alabama, was erroneous. We reverse that judgment and remand the cause with instructions for the circuit court to consider the merits of any remaining issues that Richardson might have properly preserved in the Board proceedings and properly raised in that court.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Throughout the record, the “tour” program was referred to as a "Scared Straight" program, although that term was not preferred by Richardson.
 

 [2]
 

 . Because we conclude that the Board could have properly determined that Richardson had provided psychological services, we do not address whether that deduction was correct.