WRIGHT, Presiding Judge.
A divorce was granted upon the petition of the wife in September 1982. In the judgment there was provided that the wife receive monthly alimony in the amount of $200. Disposition of certain personal property was directed. Husband contends on appeal that the court abused its discretion in that the division of such property was unfair to him.
We have carefully examined the record and the transcript of the evidence which was heard orally by the court. We have considered the contention of the husband as to the unfairness of the judgment. We perceive no possible precedential value in stating the facts in this opinion. The judgment carries with it a presumption of correctness. We find no abuse of the discretion of the court therein. Hicks v. Hicks, 52 Ala.App. 586,296 So.2d 180 (1974). There is no dispute that this was a second marriage of mature parties. It lasted less than four years. The wife brought into the marriage substantial assets. The husband brought little. When it ended, the wife was personally heavily indebted. The husband owed little. He was earning taxable income of $25,000 per year. He was better off economically at the end of the marriage than at the beginning. It was not so for the wife. The trial court by the judgment merely required the husband to assume some of the indebtedness incurred during the marriage. It committed no reversible error in doing so.
Husband complains of ambiguity in provision four of the judgment designating the responsibilities of the parties for payment of certain debts and stating ownership of certain automobiles and furniture.
We agree that provision four contains ambiguities and uncertainty. However, we find no indication that any request was ever made to the trial court for post-judgment amendment or clarification under Rule 59, A.R.Civ.P. We consider that the trial court is best equipped to remove ambiguities in its judgment. We therefore reverse provision four because of the uncertainty of the intent of the last sentence thereof. We remand to the trial court for redrafting so that the ambiguity of said sentence may be removed. We point out, however, that a post-judgment motion according to Rule 59(e), A.R.Civ.P., would likely have accomplished what is here directed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.