This is a case involving a determination of eligibility for Medicaid benefits which raises questions regarding judicial review under the Alabama Administrative Procedure Act (AAPA).
Following an administrative hearing, the Alabama Medicaid Agency (Agency) determined that the Medicaid applicant was not eligible for benefits. In making this determination, the Agency rejected the recommendation of the hearing officer who conducted the administrative hearing that the applicant was eligible for benefits.
The applicant sought judicial review of the Agency's adverse decision in the Circuit Court of Randolph County. The circuit court reversed the Agency's decision and held that the applicant was entitled to Medicaid benefits.
The Agency appeals. We reverse and remand.
Judicial review of this case in the circuit court is governed by Ala. Code (1975), § 41-22-20, which is part of the AAPA. Under § 41-22-20 (l), "[u]nless the court affirms the decision of the agency, the court shall set out in writing . . . the reasons for its decision."
In reversing the Agency's determination that the applicant was ineligible for benefits, the circuit court explained its decision by stating: "The Court is satisfied that according to the testimony and exhibits presented at the above-mentioned Fair Hearing [the administrative hearing], the conclusions and recommendations of the hearing officer are correct and that the commissioner was in error in denying benefits."
We find that this statement by the learned trial judge is insufficient under § 41-22-20 (l) because it does not set forth the reasons for the circuit court's determination that "the commissioner was in error in denying benefits."
This conclusion is warranted by the limited standard of review in the circuit court under the AAPA. Section 41-22-20
(k) provides that in the circuit court *Page 177 
"[t]he agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." Under this limited standard of review, the circuit court must give the Agency's determination of noneligibility a presumption of correctness. See Benton v. Alabama Board ofMedical Examiners, 467 So.2d 234 (Ala. 1985).
In fact, under § 41-22-20 (k) the circuit court may reverse or modify an agency's decision only if it determines that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to the agency (not applicable in this case) or "if substantial rights of the petitioner have been prejudiced because the agency action is:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
This court has held that § 41-22-20 (k) "recognizes the general rule that judicial review of administrative decisions is limited in scope to whether the order is supported by substantial evidence, whether the agency's decision is reasonable and not arbitrary, and whether the agency acted within its power conferred upon it by law and the constitution." Ferlisi v. Alabama Medicaid Agency,481 So.2d 400 (Ala.Civ.App. 1985).
For aught that appears, the circuit court did not apply the AAPA's limited standard of review in this case, but, rather, substituted its judgment for that of the Agency as to the weight to be given the evidence presented at the administrative hearing. In this regard, we note that the findings and recommendations of the administrative hearing officer, with which the circuit court concurred, were not binding upon the Agency. Rather, it is the Agency's commissioner who makes the final determination of Medicaid eligibility based upon the evidence presented at the administrative hearing. Rule560-X-3-.01 (2), Alabama Medicaid Agency Administrative Code.
Because the trial court failed to set forth the reasons for its reversal of the Agency's decision, as required by Ala. Code (1975), § 41-22-20 (l), this case is reversed and remanded for proceedings not inconsistent with this opinion.
The applicant's request for damages and costs pursuant to Rule 38, Alabama Rules of Appellate Procedure, is denied.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.