This case concerns whether the appellees, Beverly Enterprises and Beverly Enterprises-Alabama, Inc. (Beverly), should be reimbursed by the Alabama Medicaid Agency (the Agency) for imputed interest resulting from Beverly's purchase of several nursing homes in Alabama. Beverly argues that the reimbursement should be granted pursuant to Agency Rule 560-X-22-.02(4), Alabama Medicaid Administrative Code.
After initially denying Beverly's reimbursement request, a hearing was held in accordance with the procedures outlined in the Alabama Administrative Procedure Act (the AAPA). The hearing officer recommended that Beverly be reimbursed; however, the Agency rejected the hearing officer's determination and issued a final decision denying reimbursement.
Pursuant to section 41-22-20, AAPA, Code 1975, Beverly appealed the Agency's decision to the Circuit Court of Montgomery County, where the Agency's decision was reversed and the hearing officer's recommendation to award reimbursement was adopted.
The Agency appeals.
The dispositive issue here is whether the circuit court complied with the mandate of section 41-22-20(l), AAPA, Code 1975, which requires the circuit court to "set out in writing . . . the reasons for its decision" to reverse the Agency.
The circuit court's order was as follows:
 "This cause came before the Court on an appeal by Beverly Enterprises from a decision of the Commissioner of the Alabama Medicaid Agency which followed a June 26, 1985 hearing. Findings of fact, conclusions of law, and recommendations were made by the Hearing Officer who heard the evidence presented at the hearing. The Commissioner concurred in certain recommendations made by the Hearing Officer, but reversed another relating to imputed interest, and so notified Beverly Enterprises by letter dated November 27, 1985.
 "After considering the record in the case, the briefs and attached exhibits, as well as the arguments of counsel for both the Alabama Medicaid Agency and for Beverly Enterprises, it is hereby ORDERED as follows:
 "1. The Hearing Officer's recommendations, numbers 1, 3 and 4, concurred in by the Commissioner, are upheld.
 "2. The Hearing Officer's recommendation, number 2, relating to imputed interest which was reversed by the Commissioner, is also upheld.
 "3. This cause is therefore REMANDED to the Alabama Medicaid Agency for a computation of the amount of imputed interest, to which Beverly Enterprises is entitled."
As this order fails to "set out in writing" the circuit court's reasons for reversing the Agency's denial of reimbursement, we have no choice but to hold that the order fails to comply with the mandate of section41-22-20(l), AAPA, Code 1975, and is, thus, fatally flawed.
In the recent case of Alabama Medicaid Agency v. Norred,497 So.2d 176 (Ala.Civ.App. 1986), this court considered a similar fact situation. In Norred, supra, the circuit court said:
 "The Court is satisfied that according to the testimony and exhibits presented at the above-mentioned Fair Hearing [the administrative hearing], the conclusions and recommendations of the hearing officer are correct and that the commissioner was in error in denying benefits."
This court in Norred then said:
 "We find that this statement by the learned trial judge is insufficient under § 41-22-20(l) because it does not set forth the reasons for the circuit court's *Page 1213 
determination that 'the commissioner was in error in denying benefits.' "
Because the standard of review to be applied to an administrative decision is necessarily a limited one,Norred, supra; § 41-22-20(k), Code 1975, this court, without a listing by the circuit court of its reasons for rejecting the Agency's decision that reimbursement should be denied, cannot determine if the circuit court complied with the prescribed review standard.
For the failure to list the reasons for its decision as required by section 41-22-20(l), Code 1975, the judgment of the circuit court is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.