This case arose after the commissioner of the Alabama Medicaid Agency concurred with the hearing officer's recommendation to declare Arnie A. Peoples ineligible for Medicaid benefits for the month of July 1987. Peoples sought judicial review of this decision in the Circuit Court of Marion County pursuant to the administrative procedure act. The circuit court, after an ore tenus proceeding, set aside the commissioner's determination and declared that the applicant was eligible for Medicaid benefits. The court's order reads, in pertinent part, as follows:
 "[U]pon consideration of the [pleadings and stipulations of the parties], it is ordered, adjudged and decreed that the defendant Alabama Medicaid Agency has not acted in accordance with pertinent agency rules, or alternatively has committed errors of law, or alternatively reached a clearly erroneous decision in view of the reliable, probative, and substantial evidence on the whole record, or alternatively reached an unreasonable, arbitrary or capricious decision, and it is further ordered, adjudged and decreed that plaintiff Arnie A. Peoples was eligible for benefits for the month of July 1988."
The agency appeals, contending, in part, that the trial court's order should be reversed and remanded for its failure to list in writing its reasons for reversing the agency's final decision as required by the Alabama Administrative Procedure Act, § 41-22-20(l), Ala. Code 1975 (1982 Repl. Vol.). This section requires the court to set out in writing the reasons for its findings when it reverses a decision of the agency.
Peoples submits that the trial court's order clearly parallels the language of § 41-22-20(k) and thus satisfies the spirit of § 41-22-20(l). The language in § 41-22-20(k) is set forth as follows:
 "The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency, or where no such statutory standards for judicial review are applicable to the agency, if substantial rights of the petitioner have been prejudiced because the agency action is:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(7) Unreasonable, arbitrary or capricious or characterized by an abuse of *Page 506 
discretion or a clearly unwarranted exercise of discretion."
We are satisfied that the circuit court's failure to state reasons for its reversal of the commissioner's determination of ineligibility requires reversal here and that the case be remanded to the circuit court.
Judicial review of an agency's administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency's actions were reasonable, and whether its actions were within its statutory and constitutional powers. Ferlisi v. Alabama Medicaid Agency,481 So.2d 400 (Ala.Civ.App. 1985). Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency. Benton v. Alabama Boardof Medical Examiners, 467 So.2d 234 (Ala. 1985). In view of the judicial deference granted an agency's decision, the trial court cannot merely recite the statutory grounds for reversal or modification set forth in § 41-22-20(k) when setting aside an agency's findings. In addition to the statutory grounds for reversal, the trial court must provide, pursuant to §41-22-20(l), specific reasons in its order to support its conclusions. Alabama Medicaid Agency v. Beverly Enterprises,504 So.2d 1211 (Ala.Civ.App. 1987). This was not done in the present case. Here, the trial court failed to list in its order the reasons why it found the agency decision to deny Peoples's Medicaid benefits for the month of July 1987 arbitrary and unsupported by substantial evidence in the record.
Peoples also submits that he should not have been disqualified for Medicaid benefits because there was no record title to real property in his name as of July 1, 1987.
We are unable to reach this issue, however, because the record here does not contain a finding by the circuit court as to whether Peoples owned real property valued at more than $1,800.00 on July 1, 1987.
We also note that the trial court's order awarded Medicaid benefits for the month of July 1988. The record clearly establishes that the month in question was July 1987, not July 1988. Clerical errors in judgments can be corrected on appeal where, as was the case here, the record supplies sufficient data to support such correction. Honeycutt v. Moore's SupremeOil Co., 293 Ala. 151, 300 So.2d 816 (1974).
This case is reversed and the cause remanded to the trial court for a decision consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.