Alabama Renal Stone Institute, Inc. (ARSI), appeals from a circuit court's reversal of a decision by the Alabama State Health Planning and Development Agency (SHPDA).
In September 1993, Susie Parker Stringfellow Memorial Hospital (Stringfellow) filed a certificate of need (CON) application with SHPDA to become a designated site for mobile renal lithotripsy. SHPDA removed the application from the review cycle and Stringfellow petitioned for judicial review. Ultimately, the trial court entered an order returning the matter to SHPDA, but without citing specific reasons for its reversal.
On appeal, ARSI persuasively argues that the trial court's decision is deficient because it failed to state the reasons for reversing the Board's decision. The standard of review applied to an administrative decision is extremely limited. The statute is clear that the trial court "shall set out in writing, which writing shall become a part of the record, the reasons for its decision." Ala. Code 1975, § 41-22-20(l) (emphasis added). A trial court cannot merely recite the statutory grounds for reversal, but must give specific reasons in its order to support its conclusions. Alabama MedicaidAgency v. Peoples, 549 So.2d 504 (Ala.Civ.App. 1989); seeAlabama Medicaid Agency v. Beverly Enterprises, 504 So.2d 1211
(Ala.Civ.App. 1987).
It appears that the trial court's judgment may have been proper, nonetheless, the trial court failed to comply with the statutory requirements. Therefore, its judgment must be reversed and the cause remanded for the entry of a judgment consistent with this opinion. *Page 359 
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.