YATES, Judge.
On August 9, 1996, the State of Alabama Home Builders Licensure Board filed an administrative complaint against Guindal Butler, alleging misconduct arising from Butler’s alleged false misrepresentations in a March 21, 1996, application for a building permit. On September 12, 1996, a hearing was conducted at the offices of the Board. On November 4, 1996, the hearing officer recommended the revocation of Butler’s home builder’s license. Butler petitioned for a judicial review in the circuit court. Following an ore tenus proceeding, the circuit court, on April 22, 1997, reversed the decision of the Board and ordered the reinstatement of Butler’s license:
“After having read the records supplied on Appeal, including the transcript of the Hearing held before [the] Administrative Law Judge ... on September 12, 1996, after reviewing the briefs of both parties, and hearing arguments of counsel for the parties, this Court is not convinced that the findings of the Administrative Law Judge on October 11, 1996, which were adopted by the Home Licensure Board and its Order dated November 4, 1996, were supported by substantial evidence. The record fails to reveal substantial evidence that the Respondent, Guindal L. Butler, *1268 violated the Code of Alabama, 1975, [§ 34-14(A)-8], or was guilty of gross negligence or misconduct in the practice of residential homebuilding.”
The Board appealed, following the court’s denial of its post-judgment motion.
In reviewing an agency decision, the trial court “shall set out in writing, which writing shall become a part of the record, the reasons for its decision.” § 41—22—20(l), Ala. Code 1975. A trial court cannot merely recite the statutory grounds for reversal, but must give in its order specific reasons to support its conclusions. Alabama Renal Stone, Institute, Inc. v. Trustees of Susie Parker Stringfellow Memorial Hospital, 680 So.2d 358 (Ala.Civ.App.1996).
Although- the judgment may have been proper, the court’s order is deficient, because it fails to comply with the statutory requirements. Therefore, the judgment is reversed and the case is remanded for the court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.