The Alabama Department of Mental Health and Mental Retardation ("the Department") appeals from a judgment of the Montgomery County Circuit Court reversing an order of the State Personnel Board ("the Board") and reinstating Georgia Marshall ("the employee") to her employment with the Department. We dismiss the appeal as having been untimely filed.
After the Department terminated the employee's employment, she sought review of her termination before the Board. A hearing officer employed by the Board concluded, after an evidentiary hearing, that the Department's dismissal of the employee was warranted, but recommended that the Board reinstate the employee without back pay. However, the Board rejected the hearing officer's recommendation and affirmed the Department's decision to terminate the employee. The employee filed a petition for judicial review in the circuit court, pursuant to § 41-22-20, Ala. Code 1975. The matter was subsequently submitted to that court for a decision based upon the record and briefs.
On October 21, 1998, the circuit court entered a judgment setting aside the judgment of the Board, concluding that the Board's findings and conclusions were contrary to the evidence and that the hearing officer's decision was correct. On November 12, 1998, the Department filed a motion seeking clarification of the circuit court's order, contending that the circuit court's order reversing the Board's decision was not in compliance with §41-22-20(k) and § 41-22-20(l), Ala. Code 1975, which set forth, among other things, *Page 436 
permissible bases for reversing an agency decision and a requirement that written reasons be specified for dispositions other than an affirmance in administrative-review proceedings. A hearing was held on this motion on January 4, 1999. On February 11, 1999, 91 days after the filing of the Department's motion for clarification, the circuit court purported to enter an order containing various factual findings in support of its judgment of reversal. The Department filed a notice of appeal to this court on March 25, 1999.
Although the employee has not challenged our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu." Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
The circuit court's judgment of October 21, 1998, was an appealable "final judgment," although it was insufficient under §41-22-20(l), Ala. Code 1975, which requires that a circuit court "set out in writing, which writing shall become a part of the record, the reasons for its decision" if the circuit court does not affirm the agency's decision. That such a defective judgment is sufficiently final to support an appeal is demonstrated by numerous cases wherein this court has reached the merits and reversed judgments that did not comply with § 41-22-20(l). E.g.,State Home Builders Licensure Bd. v. Butler, 706 So.2d 1267
(Ala.Civ.App. 1997); Alabama Renal Stone Inst., Inc. v. Trusteesof Susie Parker Stringfellow Mem. Hosp., 680 So.2d 358
(Ala.Civ.App. 1996); Alabama Medicaid Agency v. Peoples, 549 So.2d 504
(Ala.Civ.App. 1989).
Rule 4(a)(1), Ala.R.App.P., provides (with limited exceptions not here pertinent) that a party desiring to appeal must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. See also § 41-22-21, Ala. Code 1975 (providing that an appeal from "any final judgment of the circuit court under section 41-22-20" may be taken "within 42 days of the date of the entry of the judgment"). While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a postjudgment motion under Rule 59, Ala.R.Civ.P., suspends the running of the time for filing a notice of appeal, a postjudgment motion may not remain pending in the circuit court for more than 90 days "unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie." Rule 59.1, Ala.R.Civ.P. A failure by the circuit court to rule upon a postjudgment motion within the time permitted constitutes a denial of that motion. See Rule 59.1, Ala.R.Civ.P. "If [a] post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1." Rule 4(a)(3), Ala.R.App.P.
Of course, the Alabama Rules of Civil Procedure do not specifically recognize a "motion for clarification." Baker v.Ball, 473 So.2d 1031, 1035 (Ala. 1985), overruled on othergrounds by Pierce v. Orr, 540 So.2d 1364 (Ala. 1989). Such motions are treated as motions made pursuant to Rule 59(e), Ala.R.Civ.P., requesting that the circuit court alter, amend, or vacate its earlier judgment. Baker, 473 So.2d at 1035; see alsoMiller v. Haithcock, 599 So.2d 37, 38 (Ala.Civ.App. 1992);Shipp v. Shipp, 435 So.2d 1298, 1299 (Ala.Civ.App. 1983) ("we find no indication that any request was ever made to the trial court for post-judgment amendment or clarification under Rule 59" (emphasis added)). The motion filed by the Department on November 12, 1998, asking the circuit court to "clarify" the October 21, 1998, judgment requested the circuit court to add something to its judgment that was not previously *Page 437 
present, i.e., reasons for its decision. It therefore constituted a motion made pursuant to Rule 59, Ala.R.Civ.P.
Although the Department's motion sought relief available under Rule 59(e), Ala.R.Civ.P., it was not ruled upon by the circuit court within 90 days of November 12, 1998, the date of its filing, and was automatically denied by operation of law on February 10, 1999, 90 days later. Rule 59.1, Ala.R.Civ.P. The trial court's February 11, 1998, order was thus a nullity. E.g.,Kmart Corp. v. Perdue, 708 So.2d 106, 107 (Ala. 1997). The Department had 42 days from February 10, 1999 (i.e., until March 24, 1999), in which to file a notice of appeal, but it did not do so; instead, its notice of appeal was filed on March 25, 1999, one day late.
Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appealshall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." (Emphasis added.) Because we have concluded that the Department's notice of appeal was not timely filed, we must dismiss its appeal. Asam v.City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App. 1991), cert.denied, 502 U.S. 1033 (1992).
 APPEAL DISMISSED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.