Terry L. Carson, Sr., filed in the Montgomery Circuit Court, pursuant to Ala. Code 1975, § 41-22-20 (a portion of the Alabama Administrative Procedure Act ("the AAPA"), a petition for judicial review of an order of the Alabama State Personnel Board ("the Board") upholding the decision of the Alabama Department of Transportation ("the employer") to terminate his employment. After the parties had submitted briefs and arguments, the circuit court entered a judgment that provided, in pertinent part:
 "This matter came before the Court for a hearing on the oral arguments of the parties on April 1, 2005. The Court has carefully reviewed the record in this matter, and the Court finds that the employer's termination of Terry Carson, Sr. on or about March 21, 2000, and the subsequent affirmation of said termination, were clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. The Court therefore hereby ORDERS, ADJUDGES and DECREES as follows:
 "1. The [employer] is ORDERED to immediately reinstate . . . Terry Carson, Sr.'s employment.
 "2. [Carson] is awarded back pay in the amount of $54,574.00 which sum is the difference in his earnings with the [employer] and earnings through employment since his termination through the end of May 2005."
The Board and the employer appeal. Among other arguments, the Board and the employer assert that the circuit court's judgment is not in compliance with Ala. Code 1975, §41-22-20(Z), which provides as follows:
 "Unless the court affirms the decision of the agency, the court shall set out in writing, which writing shall become a part of the record, the reasons for its decision."
Under that provision, "an explanatory writing must
become a part of the record whenever any appropriate relief is granted, not just a reversal or modification of the agency decision." Ala. Code 1975, § 41-22-20, Commentary (emphasis added). *Page 51 
In a long line of cases since the 1981 adoption of the AAPA, we have required substantial compliance with § 41-22-20(1) on pain of reversal. For example, inAlabama Medicaid Agency v. Norred, 497 So.2d 176, 176
(Ala.Civ.App. 1986), we reviewed a judgment reversing an administrative order in which the trial court stated, in pertinent part, that "`[t]he Court is satisfied that according to the testimony and exhibits presented at . . . [an administrative hearing], the conclusions and recommendations of the hearing officer are correct and that the [agency] was in error.'" In concluding that that statement of reasons was insufficient under § 41-22-20(1) and in reversing that judgment, we noted the limited and deferential standard of review due to be applied in circuit courts under the AAPA. 497 So.2cl at 176-77; accord, Alabama Medicaid Agency v.Beverly Enters., 504 So.2d 1211, 1213 (Ala.Civ.App. 1987) ("this court, without a listing by the circuit court of its reasons for rejecting the Agency's decision that reimbursement should be denied, cannot determine if the circuit court complied with the prescribed review standard"); AlabamaMedicaid Agency v. Peoples, 549 So.2d 504, 506
(Ala.Civ.App. 1989) ("the [circuit] court cannot merely recite the statutory grounds for reversal or modification set forth in § 41-22-20(k)[, Ala. Code 1975,] when setting aside an agency's findings"); see also Alabama Renal Stone Inst. v.Trustees of Susie Parker Stringfellow Mem. Hosp.,680 So.2d 358 (Ala.Civ.App. 1996); State of Alabama HomeBuilders Licensure Bd. v. Butler, 706 So.2d 1267, 1268
(Ala.Civ.App. 1997); cf. Alabama Dep't of Menial Health Mental Retardation v. Marshall, 741 So.2d 434, 436
(Ala.Civ.App. 1999) (although judgment stating only that agency's findings and conclusions were contrary to the evidence contravened § 41-22-20(1), appeal from that judgment was dismissed as untimely).
The circuit court in this case, although it reversed the Board's order, failed to specify, in its judgment or in a separate opinion, "the reasons for its decision." Without such a specification of reasons, we "cannot determine if the circuit court complied with the prescribed review standard" so as to properly assess the correctness of the circuit court's decision to reverse the Board's order. BeverlyEnters., 504 So.2d at 1213. The judgment of the circuit court is therefore reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.