PITTMAN, Judge.
This is the second appeal arising out of administrative proceedings involving the propriety of the termination of the employment of Terry L. Carson, Sr. (“the employee”). As we noted in Alabama State Personnel Board v. Carson, 939 So.2d 49 (Ala.Civ.App.2006) (“Carson I ”), the employee filed in the Montgomery Circuit Court, pursuant to Ala.Code 1975, § 41-22-20 (a portion of the Alabama Administrative Procedure Act (“the AAPA”)), a petition for judicial review of an order of the Alabama State Personnel Board (“the Board”) upholding the decision of the Alabama Department of Transportation (“the employer”) to terminate the employee’s employment with the employer. The circuit court initially entered a judgment summarily directing the employer to “immediately reinstate” the employee’s employment and to pay him $54,574 in back pay. However, after the Board and the employer appealed, we reversed that judgment on the basis that the circuit court had not complied with Ala.Code 1975, § 41-22-20(Z), under which “ ‘an explanatory writing must become a part of the record whenever any appropriate relief is granted, not just a reversal or modification of the agency decision.’ ” Carson I, 939 So.2d at 50 (quoting *1162 AlaCode 1975, § 41-22-20, Commentary; emphasis added in Carson I).
On remand from Carson I, the circuit court initially entered a judgment in favor of the Board and the employer. However, on the employee’s motion, the circuit court vacated that judgment and entered an amended judgment again directing reinstatement of the employee’s employment;[1] that amended judgment contained factual findings and legal conclusions in conformity with § 41-22-20(£). The Board and the employer have again appealed.
Our review of the circuit court’s judgment is subject to the principles we restated in Earl v. State Personnel Board, 948 So.2d 549 (Ala.Civ.App.2006):
“The [AAPA] states:
“ ‘The [circuit] court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“ ‘(1) In violation of constitutional or statutory provisions;
“ ‘(2) In excess of the statutory authority of the agency;
“‘(8) In violation of any pertinent agency rule;
“ ‘(4) Made upon- unlawful procedure;
“ ‘(5) Affected by other error of law;
“‘(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“ ‘(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.’
“Ala.Code 1975, § 41-22-20(k).
“ ‘Dismissal by an appointing authority ... is reviewable by the [Board] only to determine if the reasons stated for the dismissal are sustained by the evidence presented at the hearing.’ Johnston v. State Pers. Bd., 447 So.2d 752, 755 (Ala.Civ.App.1983). Also, based on the applicable provisions of the AAPA, both this court and the circuit court must take the administrative agency’s order ‘as prima facie just and reasonable’ and neither this court nor the circuit court may ‘substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.’ Ala. Code 1975, § 41 — 22—20(k); see also State Dep’t of Human Res. v. Gibert, 681 So.2d 560, 562 (Ala.Civ.App.1995). This court reviews a [circuit] court’s judgment regarding the decision of an administrative agency ‘without any presumption of its correctness, since [that] court was in no better position to review the [agency’s decision] than’ this court is. State Health Planning & Res. Dev. Admin. v. Rivendell of Alabama, Inc., 469 So.2d 613, 614 (Ala.Civ.App.1985).”
948 So.2d at 558-59. We further noted in Alabama Board of Nursing v. Williams, 941 So.2d 990, 995 (Ala.Civ.App.2005), that agency decisions are presumed correct and that judicial review of an administrative decision is limited to a determination whether that decision is supported by sub *1163 stantial evidence, whether the agency’s actions were reasonable, and whether those actions were within the agency’s statutory and constitutional powers.
Under § 36-26-27(a), Ala.Code 1975, an appointing authority, such as the employer, “may dismiss a classified employee whenever [that authority] considers the good of the service will be served thereby,” subject to the employee’s right to seek administrative review by the Board. The Board, in turn, has the discretion to order a lesser punishment of, or reinstatement of, a classified employee whose employment has been terminated if it is not demonstrated that the good of the service would be served by the termination. See id. In this case, the employer terminated the employee’s employment in March 2000 on the basis that the employee, in the aftermath of an August 1997 on-the-job incident resulting in the employee’s exposure to sulfuric-acid fumes spilled from an overturned tanker truck, had become unable to perform the “essential functions” of his employment as a tunnel-operator assistant. The Board’s hearing officer, after a proceeding at which testimony and documentary evidence was adduced, issued a BO-page opinion recommending that the employer’s decision be upheld; that opinion noted that the employer had made several accommodations over a 30-month period in an effort to permit the employee to perform the functions of his job classification, and had even allowed the employee to serve in another employment classification (as a class I highway-maintenance technician), but that the employee had been unable or unwilling to perform the tasks required of either classification. The Board accepted the hearing officer’s recommendations and affirmed the employer’s decision to terminate the employee’s employment, but the Board directed that the employer offer the employee re-employment should his condition improve by November 2001. However, as we have noted, the circuit court has twice reversed the Board’s order.
Under Earl and Board, of Nursing, the question that is pertinent on judicial review is whether the reasons stated by the employer for its decision to dismiss the employee are sustained by substantial evidence contained in the Board’s administrative record. Contrary to the conclusion of the circuit court, which court was likewise bound by that review principle, we believe that substantial evidence supports the Board’s decision to uphold the employee’s dismissal.
The employee, upon returning to work as a tunnel-operator assistant in late 1997 after his exposure to acid fumes, experienced shortness of breath, coughing, and headaches for which he sought medical treatment; despite that treatment, however, the employee continued to experience symptoms while working, and he was temporarily assigned to work as a highway-maintenance technician. Although an exhibit admitted at the administrative hearing listed 20 tasks that a highway-maintenance technician was expected to perform, the employee was medically restricted from performing more than 5 of those tasks, and he made complaints to supervisors about hot work conditions and his need to wear a respirator. In November 1999, the employee attempted to resume working as a tunnel-operator assistant, but he refused to go to work locations involving paint fumes and dust; after working for three days, the employee admitted during a meeting with several of his superiors that he could not perform the essential functions of work as a tunnel-operator assistant, and he was again temporarily reassigned to work as a highway-maintenance technician. In January 2000, the employee was offered a permanent reclassification to *1164 a position as a highway-maintenance technician because of his inability to perform work as a tunnel-operator assistant; however, the employee refused that offer. Also, in that same month, one of the employee’s treating physicians, after reviewing a list of 19 essential functions of work as a highway-maintenance technician, identified 7 functions that the employee could not perform and listed the ability of the employee to perform 3 functions as “unknown.”
In its amended judgment on remand, the circuit court cited evidence tending to show that, two months before his dismissal, the employee had received an annual job evaluation in which he had received a “meets standards” rating pursuant to which he might have received a pay raise had he remained employed by the employer. However, the employer’s division head testified at the administrative hearing that that evaluation, which had been signed in November 1999 and in which the employee had received a task-rating score of 15.7 — seven-tenths of a point above the bottom of the “meets standards” rating classification — had been prepared before the employee’s physician’s report indicating that the employee was incapable of performing seven essential functions of work as a highway-maintenance technician. The division head also noted that the employee had been rated in that evaluation of his work as a highway-maintenance technician based solely upon the seven particular tasks the employee had been able to perform that were within his restrictions — testimony that cast doubt upon the weight of that evaluation as an accurate gauge of the employee’s ability to fully perform his work as of the date of his dismissal in March 2000. To the extent that the evaluation might have tended to rebut the evidence relied upon by the employer indicating that the employee was unable to perform his work, the Board could properly have given that evaluation lesser weight, and the circuit court erred in substituting its judgment for the Board’s as to the issue of how much weight to assign to that evaluation. Ala.Code 1975, § 41-22-20(k).
The circuit court further concluded that the hearing officer’s recommendation that the employee be placed on a leave of absence so that he might improve “indicates arbitrariness” in that it was inconsistent with a determination that the termination was valid. However, we note that that recommendation of the hearing officer was rejected by the Board, which instead directed that the employee have a 12-month window in which he could reapply for work with the employer, necessarily indicating that he would not be employed by the employer absent approval of his reapplication. It is the decision of the Board, not the hearing officer’s recommendation, that has legal effect and is under judicial review. Because the Board has the statutory authority to consider punishments other than dismissal, see Alabama State Personnel Bd. v. Hardeman, 893 So.2d 1173, 1178-79 (Ala.Civ.App.2004), it was not inappropriate for the hearing officer to recommend an action somewhat less than an unconditional dismissal. Moreover, a hearing officer is not a co-equal statutory authority of the Board (id. at 1179), and the Board was free to reject, as it did, the recommendation of its hearing officer regarding an appropriate action in the employee’s case. See also Alabama Bd. of Nursing v. Herrick, 454 So.2d 1041, 1042-43 (Ala.Civ.App.1984). Thus, the circuit court erred to the extent that it concluded that the Board’s decision was arbitrary.
In sum, we conclude that the circuit court, on remand from Carson I, has again erred in reversing the Board’s order upholding the employer’s dismissal of the *1165 employee. We reverse that judgment and remand the case for the entry of a judgment affirming the Board’s decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMAS, J., concurs.
BRYAN, J., concurs specially.
THOMPSON, P.J., and MOORE, J., concur in the result, without writing.

. Although the circuit court's amended, judgment purported to reserve the issue of back pay for a later determination, we conclude that the judgment is nonetheless final because back pay is not awardable by an Alabama circuit court against an agency of the state. See Latham v. Department of Corr., 927 So.2d 815, 820-21 (Ala.2005).