PITTMAN, Judge.
In April 2009, Jeanette Menefield filed a civil action in the Montgomery Circuit Court seeking to quiet title in herself to a particular parcel of real property in Montgomery County; in that action, Joseph L. Thomas was named as a defendant. After an ore tenus proceeding, the trial court entered a judgment on March 25, 2010, canceling a 2006 quitclaim deed from Menefield to Thomas, but directing Menefield to pay Thomas $12,470. On April 24, 2010, Thomas timely moved to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P. However, the trial court failed to rule on that motion on or before Friday, July 23, 2010, the 90th day after its having been filed; thus, pursuant to the operation of Rule 59.1, Ala. R. Civ. P., the motion was automatically denied as of that date. An order was entered on Monday, July 26, 2010 (93 days after the filing of the postjudgment motion), in which the trial court purported to vacate its March 25, 2010, judgment and to substitute a new judgment;[1] however, that order was a nullity. See Kmart Corp. v. Perdue, 708 So.2d 106, 107 (Ala.1997).
Subsections (a)(1) and (a)(3) of Rule 4, Ala. R.App. P., taken together, provide that, subject to exceptions not here pertinent, a party must file a notice of appeal from a trial court’s judgment within 42 days from the denial of a postjudgment motion by operation of law pursuant to Rule 59.1. Pursuant to that rule, Thomas had until Friday, September 3, 2010, to file a notice of appeal in this case. However, Thomas did not attempt to file a notice of appeal until Monday, September 6, 2010, 45 days after the denial of the post-judgment motion, when, despite the Labor Day holiday, Thomas electronically filed such a notice of appeal.[2]
On the authority of Alabama Department of Mental Health & Mental Retardation v. Marshall, 741 So.2d 434 (Ala.Civ. *356 App.1999), we dismiss the appeal ex mero motu as having been untimely filed:
“Although [the appellee] has not challenged our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
“The circuit court’s judgment of October 21, 1998, was an appealable ‘final judgment[ ]’....
“Rule 4(a)(1), Ala. R.App. P., provides (with limited exceptions not here pertinent) that a party desiring to appeal must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from.... While Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion under Rule 59, Ala. R. Civ. P., suspends the running of the time for filing a notice of appeal, a postjudgment motion may not remain pending in the circuit court for more than 90 days ‘unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie.’ Rule 59.1, Ala. R. Civ. P. A failure by the circuit court to rule upon a postjudgment motion [within] the time permitted constitutes a denial of that motion. See Rule 59.1., Ala. R. Civ. P. ‘If [a] post-judgment motion is deemed [denied] under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.’ Rule 4(a)(3), Ala. R.App. P.
“... The motion filed by the [appellant] on November 12, 1998, asking the circuit court to ‘clarify’ the October 21, 1998, judgment requested the circuit court to add something to its judgment that was not previously present, i.e., reasons for its decision. It therefore constituted a motion made pursuant to Rule 59, Ala. R. Civ. P.
“Although the [appellant’s] motion sought relief available under Rule 59(e), Ala. R. Civ. P., it was not ruled upon by the circuit court within 90 days of November 12, 1998, the date of its filing, and was automatically denied by operation of law on February 10, 1999, 90 days later. Rule 59.1, Ala. R. Civ. P. The trial court’s February 11, 199[9], order was thus a nullity.... The [appellant] had 42 days from February 10, 1999 (i.e., until March 24, 1999), in which to file a notice of appeal, but it did not do so; instead, its notice of appeal was filed on March 25, 1999, one day late.
“Rule 2(a)(1), Ala. R.App. P., provides that ‘[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.’ (Emphasis added [in Marshall].) Because we have concluded that the [appellant’s] notice of appeal was not timely filed, we must dismiss its appeal.”
741 So.2d at 436-37. The trial court is directed to set aside its void order of July 26, 2010.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The July 26, 2010, order contained a number of provisions not appearing in the March 25, 2010, judgment, such as a requirement that Menefield pay annual interest of 10% on the moneys declared to be owed to Thomas and a provision that a 2000 warranty deed from Menefield to Thomas be canceled.

. Although the electronic case-action-summary sheet reveals that a "rejection notice” was sent to an unidentified "filer” on September 7, 2010, it does not appear that that entry indicates a rejection by the trial court clerk of the filing of the notice of appeal, and the electronic case-action-summary sheet further contains a September 8, 2010, entry indicating that the case had been deemed "appealed” as of September 6, 2010.