MOORE, Judge.
The Alabama State Personnel Board (“the board”) appeals from a judgment of the Montgomery Circuit Court (“the circuit court”) overturning the board’s order upholding the decision of the Alabama Department of Human Resources to terminate the employment of Cheryl Hancock. We reverse.

Procedural History

Pursuant to Ala.Code 1975, § 41-22-20, a portion of the Alabama Administrative Procedure Act (“the AAPA”), Ma.Code 1975, § 41-22-1 et seq., on January 18, 2011, Hancock filed in the circuit court a petition for judicial review of the board’s order upholding the decision of the Alabama Department of Human Resources to terminate Hancock’s employment. On July 27, 2011, the circuit court entered a judgment stating:
“This matter came before the Court on appeal of the ‘recommendation of dismissal of employment’ by the hearing officer after hearing several allegations of employee alleged misconduct. The [board] having approved the recommendation, thus the appeal followed. This Court after having reviewed the recommendation of the hearing officer and having spent considerable time reviewing the record finds the hearing officer report too vague for the Court to test his ruling pursuant to the evidence. The Court further finds the evidence in the record does not support the recommendation of the hearing officer and subsequent decision by the Board dismissing [Hancock] from employment. Therefore the recommendation of dismissal by the hearing officer and the decision by the Board upholding the recommendation is hereby set aside and held for naught.”
The board filed its notice of appeal to this court on July 28, 2011.

Discussion

On appeal, the board argues that the circuit court’s judgment did not comply with Ala.Code 1975, § 41-22-20(l), which provides: “Unless the court affirms the decision of the agency, the court shall set out in writing, which writing shall become a part of the record, the reasons for its decision.” Hancock concedes that the circuit court’s judgment is not in compliance with § 41-22-20(l).
In Alabama State Personnel Board v. Carson, 939 So.2d 49, 50-51 (Ala.Civ.App.2006), this court reasoned:
“Under [Ala.Code 1975, § 41-22-20(l) ], ‘an explanatory writing must become a part of the record whenever any appropriate relief is granted, not just a reversal or modification of the agency decision.’ Ma.Code 1975, § 41-22-20, Commentary (emphasis added).
“In a long line of cases since the 1981 adoption of the AAPA, we have required substantial compliance with § 41-22-20(l) on pain of reversal. For example, in Alabama Medicaid Agency v. Norred, 497 So.2d 176, 176 (Ala.Civ.App.1986), we reviewed a judgment reversing an administrative order in which the trial court stated, in pertinent part, that ‘ “[t]he Court is satisfied that according to the testimony and exhibits presented at ... [an administrative hearing], the conclusions and recommendations of the hearing officer are correct and that the [agency] was in error.” ’ In concluding that that statement of reasons was insufficient under § 41 — 22—20(i) and in reversing that judgment, we noted the limited and deferential standard of review due to be applied in circuit courts under the AAPA. 497 So.2d at 176-77; accord, Alabama Medicaid Agency v. Beverly Enters., 504 So.2d 1211, 1213 (Ala.Civ.App.1987) (‘this court, without a list *145 ing by the circuit court of its reasons for rejecting the Agency’s decision that reimbursement should be denied, cannot determine if the circuit court complied with the prescribed review standard’); Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala.Civ.App.1989) (‘the [circuit] court cannot merely recite the statutory grounds for reversal or modification set forth in § 41-22-20(k)[, Ala.Code 1975,] when setting aside an agency’s findings’); see also Alabama Renal Stone Inst. v. Trustees of Susie Parker Stringfellow Mem. Hosp., 680 So.2d 358 (Ala.Civ.App.1996); State of Alabama Home Builders Licensure Bd. v. Butler, 706 So.2d 1267, 1268 (Ala.Civ.App.1997); cf. Alabama Dep’t of Mental Health & Mental Retardation v. Marshall, 741 So.2d 434, 436 (Ala.Civ.App.1999) (although judgment stating only that agency’s findings and conclusions were contrary to the evidence contravened § 41-22-20(l), appeal from that judgment was dismissed as untimely).
“The circuit court in this case, although it reversed the Board’s order, failed to specify, in its judgment or in a separate opinion, ‘the reasons for its decision.’ Without such a specification of reasons, we ‘cannot determine if the circuit court complied with the prescribed review standard’ so as to properly assess the correctness of the circuit court’s decision to reverse the Board’s order. Beverly Enters., 504 So.2d at 1213. The judgment of the circuit court is therefore reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.”
Similarly, in the present case, the circuit court “failed to specify, in its judgment or in a separate opinion, ‘the reasons for its decision.’ ” 939 So.2d at 51. “Without such a specification of reasons, we ‘cannot determine if the circuit court complied with the prescribed review standard’ so as to properly assess the correctness .of the circuit court’s decision to reverse the Board’s order.” Id. Accordingly, we reverse the circuit court’s judgment and remand this cause for the entry of a judgment in compliance with § 41-22-20(l). Id.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.