PITTMAN, Judge.
This appeal arises from a judgment entered by the Baldwin Circuit Court in postdivorce enforcement proceedings involving an agreement incorporated into that court’s 2002 judgment of divorce dissolving the marriage of Gregg D. Schoen (“the former husband”) and Pamela M. Jurenka (“the former wife”). Because we have concluded that the former husband’s appeal was not timely taken, we dismiss the appeal. See Rule 2(a)(1), Ala. R.App. P.; and Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (holding that jurisdictional matters are of such magnitude that appellate courts should take notice of them at any time, and may do so even ex mero motu).
In June 2002, the former husband filed a complaint in the trial court seeking a divorce from the former wife. The parties thereafter reached an agreement in August 2002 as to, among other things, the allocation of the parties’ assets and liabilities, and that agreement was incorporated into a judgment of divorce entered in December 2002. That agreement provided, in pertinent part, that the former husband acknowledged an indebtedness to the former wife in the amount of $50,000 and that the former husband would pay that amount, along with interest compounded at 6%, on or before 10 years from the date of the agreement. The former husband, through counsel (“the bankruptcy attorney”), thereafter sought protection from his creditors in the United States Bankruptcy Court for the Southern District of Alabama (“the bankruptcy court”); however, after the former wife had filed a claim *737 in that proceeding, the bankruptcy court entered an order in July 2004 based upon a settlement agreement reached by the parties and ruled that the $50,000 debt was a “non-dischargeable” priority claim to be paid by the former husband in accordance with the divorce judgment outside the former husband’s debt-repayment plan.
In December 2012, the former wife brought an enforcement action seeking a judgment against the former husband. In her initial pleading, the former wife alleged that the trial court had ratified the parties’ settlement agreement in December 2002, providing for the former husband’s $50,000 obligation to repáy the former wife; that the former husband had failed or refused to satisfy that obligation; and that the time within which the former husband was required to satisfy the obligation had expired. The former husband, through counsel (“the domestic-relations attorney”), filed a motion to dismiss the action, asserting that the former wife’s claim arose out of a contract and, he said, did not support relief in the nature of contempt proceedings, The trial court heard the motion to dismiss at the outset of the scheduled trial on the former wife’s pleading and concluded that the court was “not prohibited from hearing an action with regard to the mon[eys] referenced in” the paragraph of the settlement agreement relied upon by the former wife.
After taking testimony and receiving documentary evidence from the parties, the trial court entered a judgment on June 16, 2014, finding the former husband in contempt based upon his failure to comply with the $50,000 repayment obligation set forth in the agreement incorporated into the divorce judgment. After having allowed for approximately $5,385 in credits for payments made by the former husband between June and October 2002, the trial court calculated compound interest on the remaining sum at 6% per annum and determined that the former husband owed the former wife $86,641.68.
On June 19, 2014, three days after the trial court’s judgment finding the former husband in contempt was entered, the former husband, acting through the bankruptcy attorney, filed in the trial court a “suggestion of bankruptcy” indicating that the former husband had, on June 18, 2014, filed another petition for relief in the bankruptcy court. Notwithstanding that filing, the former husband, acting through the domestic-relations attorney, filed, on July 16, 2014, a motion to alter, amend, or vacate the trial court’s June 16, 2014, judgment finding him in contempt; in that motion, the former husband asserted that his conduct did not warrant a contempt finding, that the interest calculation in the judgment was incorrect, and that compound interest could not properly be awarded. On July 17, 2014, the trial court set the former husband’s postjudgment motion for a hearing to occur on September 16,2014.
On September 15, 2014, the former wife filed a motion seeking a continuance of the scheduled September 16, 2014, post-judgment hearing, asserting that the former husband had not sought relief from the automatic stay in bankruptcy in order to proceed with the postjudgment motion; implicit in the former wife’s position was that that stay applied to prevent the trial court from hearing the motion. The trial court granted the former wife’s motion and set the postjudgment hearing for January 5, 2015. However, the former husband immediately thereafter filed a motion challenging the continuance, asserting that counsel for the former wife was “confused about the nature of the stay in [bankruptcy [cjourt” (citing the pertinent statute, 11 U.S.C. § 362) and taking the position that *738 “this matter is not stayed.”[1] The trial court, on the day that the postjudgment motion had previously been set for a hearing, entered an order declaring that “[m]o-tions]” would be “reset” so as to be heard on October 24, 2014.
Rule 59.1, Ala. R. Civ. P., provides that a pending postjudgment motion is deemed denied by operation of law 90 days after such a motion is filed unless either (1) the parties expressly consent on the record to extend the 90-day period or (2) the appropriate appellate court allows such an extension. The record does not reflect an express consent on the part of the parties to extend the 90-day period in this case, nor did this court, which has jurisdiction (subject to certiorari review by our supreme court) over appeals in domestic-relations actions, issue an order allowing such an extension; further, the record does not reflect that the trial court, on or before October 14, 2014, 90 days after the filing of the postjudgment motion, entered an order granting or denying the former husband’s motion. See Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004) (for purposes of Rule 59.1, a tidal judge disposes of a pending postjudgment motion only by properly entering a ruling either denying or granting the motion). Thus, the former husband’s postjudgment motion was denied by operation of law on October 14, 2014.
The record reflects that, on October 16, 2014, the former husband purported to file an “amended” motion to alter, amend, or vacate the trial court’s judgment of contempt; he filed a “second amended” motion to alter, amend, or vacate that judgment on October 23, 2014. However, the trial court lacked jurisdiction to consider those purported “amendments” to the July 16, 2014, postjudgment motion. Although it is true that, under Alabama Farm Bureau Mutual Casualty Insurance Co. v. Boswell, 430 So.2d 426, 428 (Ala.1983), a trial court “has discretion to allow an amendment to a [postjudgment] motion ... to state an additional ground after thirty days from the final judgment ] if the original motion was timely filed and is still before the court when the amendment is offered” (some emphasis added), Boswell also' makes clear that filing such “amendments” to add additional grounds is improper after the underlying motion has been denied pursuant to the operation of Rule 59.1. Further, both the trial court’s orders entered on October 24, 2014, which orders purported to “grant” relief as to the judgment “in part” and to direct counsel for the former wife to prepare an order on the postjudgment motion, and that court’s order entered on November 4, 2014, which purported to alter the trial court’s contempt finding to one of “technical contempt” and to detail its compound-interest calculations, are nullities. See Thomas v. Menefield, 81 So.3d 354, 355 (Ala.Civ.App.2011) (deeming order entered by trial court on 93d day after filing of post-judgment motion a nullity).
Because the former husband’s post-judgment motion was denied by operation of law on October 14, 2014, a notice of appeal from that judgment would have *739 been timely had it been filed with the trial court on or before November 25, 2014, 42 days later. See Rule 4(a)(3), Ala. R.App. P. However, the former husband did not file a notice of appeal until December 16, 2014. As a result, this court does not have jurisdiction to hear the former husband’s appeal from the trial court’s judgment of June 16, 2014.
The appeal is dismissed. The trial court is directed to set aside its void orders of October 24, 2014, and November 4, 2014.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The position taken by the domestic-relations attorney in the trial court—that, notwithstanding the June 19, 2014, notice of pending bankruptcy proceedings, the automatic stay in bankruptcy was inapplicable—-is consistent with the 2004 consent order of the bankruptcy court determining that the $50,000 owed by the former husband to the former wife was nondischargeable. In re Newman, 196 B.R. 700, 703 (Bankr.S.D.N.Y.1996) (noting that, "[o]nce a debt is found to be nondischargeable as support arrears, the debt is no longer subject to the automatic stay” and that “the amount of the arrears and the enforcement of any support judgment[ ] is within the jurisdiction of the state courts”).