THOMPSON, Presiding; Judge.
Alexander Marshall, by and through his conservator, Nathan Johnson, filed a petition, pursuant to § 41-22-20, Ala. Code 1975, a portion of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala. Code 1975, in the Montgomery Circuit Court (“the trial court”) seeking judicial review of the denial by the Alabama Medicaid Agency (“the Agency”), following an administrative hearing, of three separate requests for Medicaid nursing-home benefits; . the three requests were consolidated at the administrative level. On March 1, 2016, the trial court entered an order stating: “Final hearing. [The Agency’s] decision reversed as being arbitrary and capricious.” The Agency filed a postjudgment motion in which it argued, among other things, that, the judgment did not contain required factual findings. The Agency’s -.postjudgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The Agency timely appealed.
The dispositive issue on appeal is the sufficiency of the March 1, 2016, judgment. Under the AAPA, a trial court may reverse a decision of the Agency if the Agency’s action is found to be:
“(1) In violation of constitutional or statutory provisions;
*1002 “(2) In excess of the statutory authori-of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
§ 41-22-20(k), Ala. Code 1975.
The AAPA further requires that, “[u]n-less the [trial] court affirms the decision of the agency, the court shall set out in writing, which writing shall become a part of the record, the reasons for its decision.” § 41-22-20(1), Ala. Code 1975. “Under that provision, ‘an explanatory writing must become a part of the record whenever any appropriate, relief is granted, not just a reversal or modification of the agency decision, Ala. Code 1975, § 41-22-20, Commentary (emphasis added).” State Pers. Bd. v. Carson, 939 So.2d 49, 50 (Ala. Civ. App. 2006).
This court has explained:
“Judicial review of an' agency’s administrative decision is limited to determining whether the decision is' supported by substantial evidence, whether the agency’s actions were reasonable, and whether its 'actions were "within its statutory and constitutional powers. Ferlisi v. Alabama Medicaid Agency, 481 So.2d 400 (Ala. Civ. App. 1985). Judicial review is also limited, by the presumption of correctness which attaches to a decision by an administrative agency. Benton v. Alabama Board of Medical Examiners, 467 So.2d 234 (Ala. 1985). In view of the judicial deference granted an agency’s decision, the trial court cannot merely recite the statutory grounds for reversal or modification set forth in § 41-22-20(k) when setting aside an agency’s findings. In addition to the statutory grounds for reversal, the trial court must provide, pursuant to § 41-22-20(l), specific reasons in its order to support its conclusions. Alabama Medicaid Agency v. Beverly Enterprises, 504 So.2d 1211 (Ala. Civ. App. 1987).”
Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala. Civ. App. 1989) (emphasis added). See also State Home Builders Licensure Bd. v. Butler, 706 So.2d 1267, 1268 (Ala. Civ. App. 1997) (“In reviewing an agency decision, the trial court ‘shall set out in writing, which writing shall become a part of the record, the reasons for its decision.’ § 41-22-20(1), Ala. Code 1975. A trial court cannot merely recite the statutory grounds for reversal, but must give in its order specific reasons to support its conclusions.”).
The trial court’s March 1, 2016, judgment reversed the Agency’s decision without explaining the reason for that reversal, as is required by § 41-22-20(1). Accordingly, we reverse the trial court’s judgment and remand the cause for the entry of a judgment in compliance with § 41-22-20(1) and this opinion.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.